**SO ORDERED.**

**SIGNED this 3 day of March, 2016.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:                                                        CASE NO.

GEORGE ROBERT HANSON                      15-01442-5-SWH
MARY DARLENE HANSON

      DEBTORS

### ORDER GRANTING OBJECTION TO CLAIM

This matter came on to be heard upon the debtors' objection to Claim No. 8 of First Community Bank of Bedford County ("FCB"). A hearing was held on February 9, 2016, in Wilmington, North Carolina.

### BACKGROUND

The debtors filed a petition under chapter 11 of the Bankruptcy Code on March 16, 2015. Pre-petition, at different points in 2006, the debtors executed three promissory notes in favor of FCB in exchange for loans, and as security, executed corresponding deeds of trust, as follows: (1) Loan 0903, executed on April 28, 2006, and secured by 304 and 306 Ardmore Highway, Fayetteville, Tennessee ("304/306 Ardmore Property"); (2) Loan 0902, executed on April 28, 2006, and secured by 1 Cold Water Creek Road, Taft, Tennessee ("Cold Water Property"); and (3) Loan 0201, executed

December 15, 2006, and secured by 310 Ardmore Highway, Fayetteville, Tennessee ("310 Ardmore Property"), and by a second lien on the Cold Water Property. Loan 0902 and Loan 0903 were cross-collateralized.

Previously, the debtors filed two joint bankruptcy cases in this court – one in 2008 and one in 2013.[1] FCB filed three separate proofs of claim in the debtors' 2008 case: (1) Claim No. 8-2, relating to Loan 0201; (2) Claim No. 9, relating to Loan 0902; and (3) Claim No. 10, relating to Loan 0903. The debtors' Second Amended Plan in the 2008 case was confirmed on April 22, 2009, and was subsequently modified on August 25, 2009, March 10, 2011 and on November 22, 2011 (collectively, "2008 Plan"). The 2008 Plan separately treated each of FCB's claims in Class 10, and the November 22, 2011 modification provided for treatment of the Loan 0201 claim as follows: "[t]he Property at 310 Ardmore Highway has been surrendered to FCB as payment in full for this claim with no carryover of deficiencies to the Cold Water property." Subsequently, the 310 Ardmore Property was surrendered to FCB and FCB sold it at a foreclosure sale to a third party. The 2008 case was later dismissed, and the case was closed on December 18, 2014. The debtors' 2013 case, filed on September 24, 2013, was dismissed prior to confirmation. FCB did not file a proof of claim with respect to Loan 0201 in that case.

The debtors filed the instant case on March 16, 2015. FCB filed three separate proofs of claim relating to the loans: (1) Claim No. 6, relating to Loan 0902; (2) Claim No. 7, relating to Loan 0903; and (3) Claim No. 8, relating to an alleged post-foreclosure deficiency balance remaining on

---

[1]Case Nos. 08-00704-8-SWH and 13-05996-8-SWH. The male debtor also filed a previous individual case, Case No. 93-01968-8-JRL.

Loan 0201.[2]  On September 18, 2015, FCB filed Amended Claim No. 8 in the secured amount of $63,516.94 ("Claim No. 8").[3]

The debtors argue that Claim No. 8 was satisfied in full by virtue of the debtors' surrender of the 310 Ardmore Property pursuant to the terms of the 2008 Plan, and that Claim No. 8 should be disallowed in full.[4]  FCB contends that Loan 0201 was not fully satisfied by the foreclosure proceeds from the sale of the 310 Ardmore Property, and that Claim No. 8 should be allowed as a secured deficiency claim covering such amounts.  In support of its contention that Claim No. 8 is secured, FCB maintains that it is not bound by the 2008 Plan – at least to the extent that it provided for the release of the Loan 0201 lien on the Cold Water Property in exchange for surrender of the 310 Ardmore Property – in light of the dismissal of the 2008 case before it was substantially consummated.

**DISCUSSION**

The general rule regarding the effect of dismissal of a case is provided in 11 U.S.C. § 349(b), which states that a dismissal results in vacation of orders and revesting of property in the debtor. § 349(b).  This provision applies to confirmation orders.  See In re Hamilton, 493 B.R. 31, 41 (Bankr. M.D. Tenn. 2013) (chapter 13); Keener v. First State Bank of Stratford (In re Keener), 268

---

[2] Claim No. 8 was originally filed as an unsecured claim.

[3] The parties agree that Claim No. 8 represents only the deficiency balance remaining on Loan 0201, but the court is somewhat befuddled how the foreclosure sale seemingly reduced the debt by less than $20,000.00.  FCB's Claim No. 8-2 in the 2008 case was filed in the secured amount of $80,399.41 with respect to Loan 0201.

[4] The debtors' Objection to Claim, filed on August 14, 2015, argues the statute of limitations as grounds for disallowing Claim No. 8.  However, this argument was abandoned, and neither party addressed it at the hearing.

B.R. 912, 920 (Bankr. N.D. Tex. 2001) (chapter 12; prior confirmed plan did not survive dismissal). That said, the court has discretion to deviate from the general rule upon a showing of cause. § 349(b); Hamilton at 44 ("[s]ection 349(b) prefaces the unwinding of a bankruptcy case at dismissal with the phrase 'unless the court, for cause, orders otherwise.'"). Although the purpose of § 349(b) is to

> undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case[,] [t]his does not necessarily encompass undoing sales of property from the estate to a good faith purchaser. Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.

Sports & Science, Ind., Inc. v. Rielly (In re Sports & Science, Ind., Inc.), 95 B.R. 745, 747 (Bankr. C.D. Cal. 1989) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S. Rep. No. 95-989, 95th Cong., 2nd Sess. 49 (1978)); Collier on Bankruptcy ¶ 349.01[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (same).

The court finds that the circumstances of this case warrant deviation from the general rule and the entry of an order protecting the rights acquired by the parties in reliance upon the 2008 Plan. This court confirmed the November 22, 2011 modification of the debtors' Second Amended Plan, which provided that the 310 Ardmore Property would be surrendered in full satisfaction of Loan 0201, and that no deficiencies would carry over to the Cold Water Property. The 310 Ardmore Property was in fact surrendered, foreclosed upon by FCB, and transferred to a third party. According to the terms of the 2008 Plan, this consummated the treatment of FCB with respect to Loan 0201 and extinguished its claim. Further, the debtor cannot be re-vested with the 310 Ardmore Property, and it is only equitable that Loan 0201 and Claim No. 8 remain extinguished. See Sports & Science, 95 B.R. at 747 ("[t]he legislative history clearly explains that [§ 349(b)] was not intended

to unwind sales to bona fide purchasers. . . . This view is reinforced by the specific authorization in § 349(b) allowing the court for cause to order a different result than what otherwise would automatically occur . . . .").

## CONCLUSION

Accordingly, the debt underlying FCB's Claim No. 8 was extinguished during the 2008 case in exchange for the surrender of the 310 Ardmore Property, and the Claim must be denied. The debtors' objection to Claim No. 8 is hereby **GRANTED**.

**SO ORDERED**.

**END OF DOCUMENT**